IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:15-cr-468-K (BT) |
| | § | |
| JAMES ARTHUR MEEKS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant James Arthur Meeks filed a *pro se* "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as Applicable to the CARES Act." Mot. (ECF No. 39). Upon review of the pleadings and applicable law, the Court recommends that the Motion be denied without prejudice.

I.

Meeks pleaded guilty to being a felon in possession of a firearm, and on June 8, 2016, the District Court sentenced him to 80 months' confinement. He did not file an appeal. According to the Bureau of Prisons (BOP), his projected release date is March 8, 2021.[1]

By his Motion, Meeks seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A) and release to home confinement because of his concerns about the COVID-19 pandemic. Meeks is currently incarcerated at the Federal Medical

---

[1] The BOP's inmate locator website is available at https://www.bop.gov/inmateloc/ (last accessed May 18, 2020).

1

Center in Fort Worth, Texas (the "Ft. Worth FMC"). As of May 18, 2020, 637 inmates and 6 staff members at the Ft. Worth FMC have tested positive for COVID-19; 331 inmates have recovered; and 8 inmates have died.[2] Meeks is 51 years old. He states he has chronic thyroid disease, mild asthma, severe allergies, and he had reconstructive surgery on his hand that left him with nerve damage. He also states he has a clear disciplinary record, has completed rehabilitation programs, and has a prison job.

On May 12, 2020, the government filed a response to the Motion arguing Meeks failed to exhaust his administrative remedies, and that his motion is without merit. (ECF No. 42). Meeks alleges he submitted a request for release to his prison unit on April 9, 2020, and he seeks a waiver of the exhaustion requirement on the ground that he may be irreparably injured if his request for release is delayed.

Upon review, the Court concludes that Meeks does not present unique circumstances that justify relaxing the administrative exhaustion requirement. Thus, his motion for a reduction in sentence should be denied at this time.

II.

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a

---

[2] The BOP's COVID-19 cases website is available at https://www.bop.gov/coronavirus (last accessed May 18, 2020).

motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

### A.

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion in federal court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier" (emphasis added)). The United States Court of Appeals for the Third Circuit characterized this requirement as "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days

to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). But some judges have since "concluded that [the Section 3582(c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *See Valentine v. Collier*, ___ F.3d ___, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson, J., concurring) (collected authority omitted).

  Here, Meeks has failed to show he exhausted all his administrative remedies. While he states he submitted a request for release to the warden, he has offered no proof that he submitted a formal request, much less that the BOP considered and refused such a request. Meeks also failed to provide specific factual information unique to his own circumstances or to his medical conditions sufficient to justify relaxing the exhaustion requirement in light of the COVID-19 pandemic. And his projected release date in March 2021 is far enough in the future that exhaustion is not futile. *United States v. Mincey*, 2020 WL 2201425, at *1 (N.D. Tex. Apr. 20, 2020), *rec. adopted*, 2020 WL 2200445 (N.D. Tex. May 6, 2020) (Kinkeade, J.) (citing *United States v. Jemal*, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) (concluding that exhaustion was not futile when inmate had more than 40 days of imprisonment remaining). Therefore, under the circumstances presented here, the BOP should have the first opportunity to address Meeks's request for

compassionate release based on the COVID-19 pandemic.

B.

The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—has not been amended since the First Step Act expanded who may move for compassionate release under Section 3582(c)(1)(A).[3] A judge in this district recently concluded that a court should consider Section 1B1.13 and apply its discretion when considering a Section 3582(c)(1)(A) motion in light of the COVID-19 pandemic. *See United States v. Lee*, No. 3:07-CR-289-M (N.D. Tex. Apr. 23, 2020) (Lynn, C.J.), ECF No. 1950 at 7 (citing *United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2 (W.D. Tex. Oct. 10, 2019)). In *Lee*, the Court stated:

> Section 1B.1.13 "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *Muniz*, 2020 WL 1540325, at *1 (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1). "Among these are the 'medical condition of the defendant,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1). "The policy statement also requires that the defendant not pose a danger to the safety of the community." *Id.* (citing U.S.S.G. § 1B1.13(2)).

*Lee*, No. 3:07-CR-289-M (ECF No. 1950 at 7).

---

[3] It is unlikely that the Sentencing Commission's policies will be updated any time soon as there are currently an insufficient number of voting commissioners. *See, e.g., United States v. Cantu*, 423 F. Supp. 3d 345, 348 & n.1 (S.D. Tex. 2019); *United States v. Maumau*, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020).

5

Even when liberally construed, Meeks's motion plainly fails to identify extraordinary or compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement. While he generally mentions that he has mild asthma, thyroid disease, allergies, and nerve damage to his hand, he does not present any unique circumstances that would suffice to show extraordinary and compelling reasons for compassionate release. Moreover, general concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A). *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Thus, Meeks's motion for relief under Section 3582(c)(1)(A) should be denied without prejudice.

### III.

Meeks's request for release to home confinement likewise fails. Only the BOP has the discretion to place prisoners on home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 389 n. 6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the Bureau of Prisons") (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement")). Further, the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, enacted on March 27,

2020, and the Memoranda of the Attorney General to the BOP Director, dated March 26 and April 3, 2020, do not provide the courts statutory authority to modify a defendant's place of incarceration. As another judge of this Court has observed, "the CARES Act and the memoranda issued by the Attorney General both instruct and expand the authority of the Director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *See United States v. Stigger*, No. 3:12-CR-054-L, Crim. Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020) (Lindsay, J.) (denying post-conviction motion for home confinement due to COVID-19 and finding that the BOP is in the best position to determine: (1) whether Defendant qualifies as one of the most vulnerable inmates based on [the inmate's] current health; and (2) whether the facility where [the inmate] is currently confined is one of the "most affected facilities").

## IV.

The Court recommends that Meeks's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) be denied without prejudice and that his motion for home confinement be denied.

Signed May 18, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).